UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Anthony C. Izuegbunam,** | Civil No. 06-0002 (MJD-JJG) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **R.L. Morrison,** | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned Magistrate Judge of the District Court on Anthony Izuegbunam's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). Mr. Izuegbunam (Izuegbunam) asserts that the Bureau of Prisons (BOP) has not properly considered his request for placement in a halfway house. The dispute is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Izuegbunam is incarcerated at the federal prison in Duluth. He alleges that he requested early placement at a halfway house, and that prison officials categorically denied this request under 28 C.F.R. § 570.21. Izuegbunam argues that this regulation violates the directions set out in 18 U.S.C. § 3621(b). Thus he asks that prison officials be required to reconsider his request for placement at a halfway house, applying the directions set out in the statute and disregarding the regulation.

After frequent litigation of this issue in federal district courts, the Eighth Circuit considered whether the regulation violated the statute in *Fults v. Sanders*. 442 F.3d 1088 (8th Cir. 2006). The court concluded that, because the regulation did not appropriately exercise the discretionary criteria set out in

the statute, the regulation was invalid. *Id.* at 1092. In response to this decision, which issued after Izuegbunam filed his petition, the BOP has conceded that its regulations are invalid. It has agreed to reconsider the request for placement in a halfway house, in accordance with a policy that was used prior to the promulgation of the regulation.

This Court concludes that when the BOP applied 28 C.F.R. § 570.21 and denied Izuegbunam admission to a halfway house, it failed to exercise the discretion committed to it under 28 U.S.C. § 3621(b). This Court recommends that the petition for a writ of habeas corpus be granted and that the BOP consider his request for placement in a halfway house in accordance with the discretionary criteria set out in the statute.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Izuegbunam's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **GRANTED.**

2. The BOP shall consider Izuegbunam's request for placement in a halfway house by applying the discretionary criteria in 18 U.S.C. § 3621(b) and without referring to 28 C.F.R. § 570.21.

3. Izuegbunam's motion for contempt (Doc. No. 2) be **DENIED AS MOOT.**

Dated this 17th day of July, 2006.                      s/Jeanne J. Graham

                                                JEANNE J. GRAHAM
                                                United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 4, 2006.  A party may respond to the objections within ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.